**CHLOE S. DILLON**
California State Bar No. 273748
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Chloe_Dillon@fd.org

Attorneys for Defendant
BRUNO RIOS-MONTANO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRUNO RIOS-MONTANO,<br><br>Defendant. | CASE NO.: 19CR2123-GPC<br><br>Hon. Gonzalo P. Curiel<br>Date: September 24, 2020<br>Time: 1:00 p.m.<br><br>**Memorandum of Points and Authorities on Evidentiary Hearing** |

At a telephonic status hearing on September 24, 2020, the Court requested that the parties provide briefing on whether an evidentiary hearing is necessary to adjudicate Mr. Rios-Montano's motion to dismiss the superseding indictment under *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252 (1977). *See* Dkt. Entry 74. This motion argued that 8 U.S.C. § 1325 violates equal protection because Congress created the crime of illegal entry with a discriminatory motive, and the law has disparately impacted Mexican defendants in the years since. In support of this motion, Mr. Rios-Montano submitted an eight-page expert declaration and nearly two hundred pages of Congressional records showing the legislative history underlying the enactment of the Undesirable Aliens Act of 1929—the law that created the crime of illegal entry.

To prevail on his motion to dismiss under *Arlington Heights*, Mr. Rios-Montano must show "[p]roof of racially discriminatory intent or purpose" at the time of the law's passage. 429 U.S. at 265. He need not show that the legislature's actions "rested solely on racially discriminatory purposes"—only that discrimination was "a motivating factor in the decision." *Id.* at 265–66 (emphasis added). If Mr. Rios-Montano can show that discrimination was a "motivating factor" and that the law has disparately impacted Mexican defendants, the burden shifts to the government to show that Congress would have enacted the illegal entry even in the absence of a discriminatory motive. *See id.* at 270 n.21. If it cannot, the law violates equal protection.

To date, the government has submitted no evidence rebutting Mr. Rios-Montano's showing that the crime of illegal entry was conceived, drafted, and enacted by white supremacist legislators out of a belief that the "Mexican race" would destroy the racial purity of the United States. *See* Dkt. Entry 70, Motion to Dismiss Indictment at 2–23, Exhibits A–L. Under *Arlington Heights*, the Court thus need not hold an evidentiary hearing if it finds as a matter of fact that:

1) Discrimination against people from Mexico was a "motivating factor" underlying passage of the Undesirable Aliens Act of 1929;
2) Since 1929, the criminalization of illegal entry has disparately impacted people from Mexico; *and*
3) The government has not met its burden to show that Congress would have enacted the Undesirable Aliens Act absent a discriminatory motive.

If, however, the Court disagrees with any of these three statements, it should schedule an evidentiary hearing. At this hearing, Mr. Rios-Montano can present testimony from multiple expert witnesses that will satisfy his burden under *Arlington Heights* or rebut any evidence the government may present. *See* Dkt. Entry 70, Exhibits M and N (curriculum vitae for Mr. Rios-Montano's proposed expert witnesses).

Memorandum of Points and Authorities on Evidentiary Hearing

In sum, if the Court finds that Mr. Rios-Montano has satisfied his initial burden under *Arlington Heights* and the government has failed to rebut his evidence, the Court need not schedule an evidentiary hearing. If, however, the Court disagrees with any of these factual assertions, it should schedule an evidentiary hearing.

Respectfully submitted,

Dated: September 29, 2020
*s/ Chloe S. Dillon*
Federal Defenders of San Diego, Inc.
Attorneys for Defendant
BRUNO RIOS-MONTANO
Email: Chloe_Dillon@fd.org