ROBERT S. BREWER, JR.
United States Attorney
ANDREW SHERWOOD
Assistant U.S. Attorney
Oregon Bar No. 126338
New York Bar No. 4833166
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9690
Email: andrew.sherwood@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. BRUNO RIOS-MONTANO, Defendant. | Case No.: 19-cr-02123-GPC<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION AT ECF NO. 75. |

Defendant's motion for an evidentiary hearing should be denied. As provided in our previous response, ECF No. 71, "no [Supreme Court] case . . . has held that a legislative act may violate equal protection solely because of the motivations of the men who voted for it." *Palmer v. Thompson*, 403 U.S. 217, 224 (1971). Indeed, the Supreme Court, in *United States v. O'Brien*, 391 U.S. 367, 383 (1968), cautioned of "the hazards of declaring a law unconstitutional because of the motivations of its sponsors. First, it is extremely difficult for a court to ascertain the motivation, or collection of different motivations, that lie behind a legislative enactment," *Palmer*, 403 U.S. at 224 (citing *O'Brien*, 391 U.S. at

383, 384), "that is [otherwise], under well-settled criteria, constitutional on its face, on the basis of what fewer than a handful of Congressmen said about it," *O'Brien*, 391 U.S. at 384. "What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it, and the stakes are sufficiently high for [courts] to eschew guesswork." *Id*; *see also*, *City of Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984) ("The Supreme Court has held that an otherwise constitutional statute will not be invalidated on the basis of an 'alleged illicit legislative motive,' and has refused to inquire into legislative motives.") (citing *O'Brien*); *Menotti v. City of Seattle*, 409 F.3d 1113, 1130 n. 29 (9th Cir. 2005) ("The Supreme Court has held unequivocally that it 'will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive.'") (citing *O'Brien*); *City of Erie v. Pap's A.M.*, 529 U.S. 277, 292 (2000) ("Respondent's argument that the ordinance is "aimed" at suppressing expression through a ban on nude dancing . . . is really an argument that the city council also had an illicit motive in enacting the ordinance. As we have said before, however, this Court will not strike down an otherwise constitutional statute on the basis of an alleged illicit motive.") (citing *O'Brien*). From this, Defendant's motion should be denied.

Moreover, it is well-established that an evidentiary hearing is not required where the material provided to the Court "show as a matter of law that [the defendant] [is] not entitled to relief." *United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980). That is the case here. For example, in a recent decision in this district, *United States v. Morales-Roblero*, Case no. 19mj24442-AHG, ECF No. 45 (S.D. Cal. Sept. 14, 2020), U.S. Magistrate Judge Allison H. Goddard—without holding an evidentiary hearing—rejected the same defense argument raised here. Judge Goddard stated,

> Defendant's *Arlington Heights* analysis of § 1325(a)(1) is fatally flawed, however, because it relies entirely on legislative history from the 1920s, decades before § 1325(a)(1) was enacted. The Government correctly points out two key subsequent enactments whose legislative history Defendant has completely ignored: the Immigration and Nationality Act of 1952, and the Immigration Act of 1990.

*Id.,* ECF No. 45 at 16. Judge Goddard further stated that,

> There is no support for Defendant's suggestion that § 1325(a)(1) should be judged according to legislative history from laws enacted decades before, and Defendant has not attempted to argue that § 1325(a)(1) would be unconstitutional under an *Arlington Heights* analysis of relevant legislative history. Defendant's argument that § 1325(a)(1) is 'presumptively unconstitutional' under *Arlington Heights* fails.

*Id.* at 18.

The same analysis applies here. Defendant's argument rests solely on *Arlington Heights* which is flawed and inapplicable. The testimony Defendant's witnesses would provide relate to a law passed in 1929. Here, the crime charged is 8 U.S.C. § 1325(a)(1), which was passed decades later and renewed in subsequent years.

Finally, the proposed "expert testimony" is not proper expert testimony. The Court does not need "expert testimony" to aid in reviewing and considering legislative history, if doing so was even permitted under *O'Brien*. Further, "matters of law for the court's determination . . . [are] inappropriate subjects for expert testimony." *Aguilar v. International Longshoremen's Union Local 10*, 966 F.2d 443, 447 (9th Cir. 1992) (*citing Marx v. Diners Club, Inc.*, 550 F.2d 505, 509 (2d Cir.1977) (expert testimony consisting of legal conclusions regarding existence of contract or meaning of its terms not admissible)); *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1507 n.6 (9th Cir. 1994) ("Because the interpretation of legislative history and the application of a statute to a particular case are uniquely questions for the court, we strike the affidavits from the record."). Finally, Defendant has already provided 230 pages of documentation to the Court, including a lengthy declaration. It is entirely unclear what more Defendant would need to bring before the court at an evidentiary hearing.

3

Defendant's motion for an evidentiary hearing should be denied.

DATED: October 13, 2020

Respectfully submitted,

Robert S. Brewer, Jr.
United States Attorney

*/s/ Andrew Sherwood*
Andrew Sherwood
Assistant U.S. Attorney